2022-2204

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

**TAU-KEN TEMIR LLP, JSC NMC TAU-KEN SAMRUK, MINISTRY OF TRADE AND INTEGRATION OF THE REPUBLIC OF KAZAKHSTAN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES, GLOBE SPECIALTY METALS, INC., MISSISSIPPI SILICON LLC,**
*Defendants-Appellees*

_____

Appeal from the United States Court of International Trade in No. 1:21-cv-00173-LMG, Senior Judge Leo M. Gordon

_____

## DEFENDANTS-APPELLEES GLOBE SPECIALTY METAL, INC.'S AND MISSISSIPPI SILICON LLC'S OPPOSITION TO TKT'S NOTICE OF CORRECTION

Adam H. Gordon
Jennifer M. Smith
Lauren Fraid
**THE BRISTOL GROUP PLLC**
1707 L Street, NW, Suite 570
Washington, DC 20036
202-991-2700

Dated:  May 10, 2023

*Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

Defendants-Appellees Globe Specialty Metals, Inc. ("Globe") and Mississippi Silicon LLC ("Mississippi Silicon") respectfully submit this opposition to Plaintiffs-Appellants Tau-Ken Temir LLP's, JSC NMC Tau-Ken Samruk's, and the Ministry of Trade and Integration of the Republic of Kazakhstan's (collectively, "TKT") "Notice of Correction to Their Opening Brief and, in the Alternative, If Necessary, Motion for Leave of the Court to Correct,"("*Notice*") that was filed on May 8, 2023. *See* CM/ECF Doc. 41-1.

Pursuant to Rule 25(i)(1) of the Rules of the U.S. Court of Appeals for the Federal Circuit, "[a] party wishing to make <u>non-substantive</u> corrections to any document currently on file with the clerk of court must file a Notice of Correction.  <u>Substantive corrections</u> may only be made with leave of the court."  FED. CIR. R. 25(i)(1) (emphases added). Additionally, Rule 25(i)(3) states that "[a] Notice of Correction must be filed contemporaneously with the corrected document and must specifically delineate each correction."  FED. CIR. R. 25(i)(3).

Here, a Notice of Correction is inappropriate because TKT has made pervasive substantive revisions — not corrections — throughout its third corrected opening brief.  Even a cursory review of the changes

TKT now offers to the Court through the *Notice* indicates a litany of changes that are substantive in nature, including new arguments and sentences, deletions of material, and large-scale replacements of discussion. *See* CM/ECF 41-5. The "Comparison Summary" on the final page of TKT's submission indicates a total of <u>1,230 changes</u>. *See id.*

Indeed, TKT admits that the revisions are substantive. For example, in the *Notice*, TKT states that the corrected brief reflects the U.S. Department of Commerce's ("Commerce") "<u>new</u> decisions/practice/ questionnaire instructions" related to the agency's filing processes that supposedly "changed" since TKT filed the first iteration of its opening brief on February 28, 2023. *Notice* at 2–3 (emphasis added). TKT then states that "[t]he corrections to TKT's opening brief herein further so reflect this Commerce change and its implications as to the TKT decision. The <u>same substantive</u> TKT argument can be better understood, appreciated and articulated/presented in that context." *Id.* at 3 (emphasis added). Thus, TKT expressly acknowledges that its revisions regarding the "new" Commerce practices are intended to supplement the "substantive" arguments raised in its opening brief.

TKT then moves, "in the alternative, if necessary," for leave of court to make substantive changes to its opening brief. *Notice* at 1. TKT's motion should be denied.

The deadline for TKT's opening brief was February 28, 2023, *i.e.*, nearly <u>2.5 months ago</u>. Before that, TKT received <u>five</u> extensions, totaling over three months of additional time, to prepare its brief. *See* CM/ECF Doc. 30-1. Despite those extensions and the amount of time that has elapsed since TKT filed its opening brief in February, TKT has continued to revise its opening brief, using the Court's three notices of non-compliance as a pretext for doing so.

Rather than moving for leave of court as required under Federal Circuit Rule 25(i)(1), TKT camouflaged substantive revisions to its opening brief among the corrections required by the Court, and failed to notify the Court or the parties of any such revisions. In fact, these revisions were identified only when Globe and Mississippi Silicon compared the original version of TKT's opening brief and the third "corrected" version using Adobe's document comparison feature, revealing 615 changes between text of those briefs. *See* Notice from

Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC and
Request for Guidance, CM/ECF Doc. 37 (Apr. 14, 2023).

At this point in time, the response briefs of Globe and Mississippi
Silicon and of Defendant-Appellee the United States are due in less
than one month (no later than June 5, 2023). *See* CM/ECF Doc. 29.
TKT should not be granted the opportunity to rewrite its opening brief
now, particularly when the responses brief are due in less than four
weeks' time. Contrary to TKT's claim that "[a]ny delay in this matter
only hurts TKT," *Notice* at 4, TKT's actions here are prejudicial to the
other parties and to the Court.

It is also important to note that TKT's opening brief has not yet
passed this Court's compliance review. As a result, the Clerk of Court
may still issue one or more additional notices of non-compliance to TKT
in the future. Globe and Mississippi Silicon are seriously concerned
that TKT will treat any future notice of non-compliance as a license for
further substantive revisions. This Court should make clear that TKT
is required to follow the rules.

Finally, TKT's attempt to introduce new substantive evidence and
argument concerning Commerce's supposed "changed" or "new" practice

4

that was allegedly made after the filing of this appeal should be denied as an improper attempt to introduce new evidence of subsequent measures to prove its claims before the Court. *See* FED. R. EVID. 407.

In sum, a Notice of Correction under Rule 25(i)(1) is improper here, as TKT's proposed "corrections" are substantive in nature. TKT should not be permitted to continually revise its opening brief under the guise of a Notice of Correction, and therefore, its request should be denied. Likewise, TKT's motion for leave of court to make substantive revisions to its opening brief should be denied. TKT had more than sufficient opportunity to prepare and submit its opening brief. TKT should not be afforded additional time to rewrite its opening brief as the deadline for the response briefs rapidly approaches.

Respectfully submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Jennifer M. Smith, Esq.
Lauren Fraid, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street, NW, Suite 570
Washington, DC 20036
202-991-2700
Dated: May 10, 2023          *Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

FORM 9. Certificate of Interest                                   Form 9 (p. 1)
                                                                   March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 22-2204

**Short Case Caption** Tau-Ken Temir LLP v. US

**Filing Party/Entity** Globe Specialty Metals, Inc. and Mississippi Silicon LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/10/2023

Signature: /s/ Adam H. Gordon

Name: Adam H. Gordon

FORM 9. Certificate of Interest

Form 9 (p. 2)<br>March 2023

| 1. **Represented Entities.**<br>Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.**<br>Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.**<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Globe Specialty Metals, Inc. | | Globe is a wholly owned subsidiary of Ferroglobe PLC, which is a publicly traded company (NASDAQ:GSM) |
| Mississippi Silicon LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**FORM 9. Certificate of Interest**

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable          ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)    ☑ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

# **CERTIFICATE OF COMPLIANCE**

This opposition complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This opposition contains 890 words.

This opposition complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This opposition has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.


Dated:  May 10, 2023

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2023, a copy of the foregoing opposition was served on the following parties by operation of the Court's electronic-filing system:

Bret Vallacher
Trial Attorney
**U.S. Department of Justice**
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Email: bret.r.vallacher@usdoj.gov

Peter John Koenig
Counsel
**Squire Patton Boggs LLP**
2550 M Street NW
Washington DC 20037
Email: peter.koenig@squirepb.com

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

Dated: May 10, 2023