22-2204
___

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**
___

TAU-KEN TEMIR LLP, JSC NMC TAU-KEN SAMRUK, MINISTRY OF TRADE AND INTEGRATION OF THE REPUBLIC OF KAZAKHSTAN,
*Plaintiffs-Appellants*

v.

UNITED STATES, GLOBE SPECIALTY METALS, INC., MISSISSIPPI SILICON LLC,
*Defendants-Appellees*

Appeal from the United States Court of International Trade No. 21-173, Judge Leo M. Gordon

**TKT REPLY TO THE UNITED STATES AND GLOBE RESPONSE TO TKT MOTION TO ACCEPT CORRECTIONS IN TKT OPENING BRIEF**

Counsel to Tau-Ken Temir, LLP; Ministry of Trade and Integration of the Government of the Republic of Kazakhstan; and JSC NMC Tau-Ken Samruk

Peter Koenig, Esq.
Squire Patton Boggs
2550 M Street NW
Washington DC 20236
202 669 1901
peter.koenig@squirepb.com

May 15, 2023

FORM 9. Certificate of Interest                                                Form 9 (p. 1)
                                                                               July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-2204

**Short Case Caption** Tau-Ken Temir LLP v. United States

**Filing Party/Entity** Tau-Ken Temir LLP; Ministry of Trade and Integration of the Republic of Kazakhstan; JSC NMC Tau-Ken Samruk

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/28/2022         Signature: /s/ Peter Koenig

                         Name: Peter Koenig

FORM 9. Certificate of Interest                                                                  Form 9 (p. 2)
                                                                                                  July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Tau-Ken Temir LLP | None | JSC NMC Tau-Ken Samruk |
| JSC NMC Tau-Ken Samruk | None | None |
| Ministry of Trade and Integration of the Republic of Kazakhstan | None | None |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐ Additional pages attached

FORM 9. Certificate of Interest                                                Form 9 (p. 3)
                                                                               July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable     ☐ Additional pages attached

| Jeremy Dutra | Of Counsel | Squire Patton Boggs |
|---|---|---|
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |

On May 8, 2023, Plaintiffs-Appellants Tau-Ken Temir LLP, JSC NMC Tau-Ken Samruk, and the Ministry of Trade and Integration of the Republic of Kazakhstan (collectively, TKT) filed a Notice of Correction to Their Opening Brief and, in the Alternative, If Necessary, Motion for Leave of the Court to Correct (ECF No. 41- 1), in response to the May 1, 2023 order of the Clerk of the Court (ECF No. 40). On May 10, 2023, Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC (collectively, Globe) filed their response. ECF No. 42. On May 12, 2023, Defendant-Appellee United States filed its response. ECF No. 44.

TKT now replies per Federal Rule of Appellant Procedure 27(a)(4). The opposition largely ignores and does not dispute the points raised in TKT's motion to correct, as well as TKT's points in its April 17, 2023 filing (ECF No. 38).

The United States says that TKT should be allowed to correct its opening brief, but only <u>partially</u>. It should be <u>wholly</u>. The reasons that the United States claims otherwise lack merit.

*First*, United States at its page 3 (and Globe at its page 5) claim, without support or explanation, that TKT cites information not in the record. They are wrong. TKT cites U.S. Department of Commerce (Commerce) letter decisions, practice, law as to filing questionnaire responses. That is not <u>fact</u>. It is <u>law</u>. That conclusion is not just logic and common sense. It is also per Commerce

regulation, Commerce's own decisions, and court precedent.  See, e.g., Commerce, Definition of Factual Information, 78 Fed. Reg. 21246, 21251 (April 10, 2013) (publicly available Commerce administrative decisions and practice -- e.g., by Commerce in Commerce ACCESS for the public to know Commerce law -- may be cited in briefs even if from other Commerce cases, because not facts, so do no need to be in the record of the particular case where cited)[1]; Jiangsu Senmao Bamboo & Wood Indus. Co. v. United States, 322 F. Supp. 3d 1308, 1323-25 (Ct. Int'l Trade 2018) (Commerce ACCESS decisions/practice are not facts. They are law); Commerce, Certain Vertical Shaft Engines Between 225cc and 999cc, and Parts Thereof from China (A-570-119) (Commerce ACCESS barcode 4070614-01), Dec. 31, 2020. The purpose of Commerce's public records (now Commerce ACCESS) is to indicate Commerce decisions and practice. David Binder (senior Commerce official), Down in the Dumps: Administration of the Unfair Trade Laws, at 334 (1991).  In this case, TKT has already cited many Commerce decisions/practice in other cases, both in the proceedings before Commerce and in the Trade Court and in its opening brief to this Court and no one has objected that those are impermissible facts because Commerce legal decisions and practice in other cases.  See TKT corrected opening brief per Court at pages 21-32 (ECF No.

---

[1] ACCESS is Commerce's public website (https://access.trade.gov/login.aspx) record where Commerce decisions and practice appear.

41-2); TKT corrected opening brief per Court and TKT at pages 23-33 (ECF No. 41-3). Actually, such objection by the opposition would enable unlawful arbitrary and capricious action – i.e., treating similar situations differently.  See TKT corrected opening brief per Court at page 4 (ECF No. 41-2); TKT corrected opening brief per Court and TKT at page 4 (ECF No. 41-3).

*Second*, the United States (at page 3) (and Globe at page 5) cite Rule 407 Subsequent Remedial Measures of the Federal Rules of Evidence.  Rule 407 says:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.

TKT did not offer Commerce's new decisions/practice as to questionnaire responses to prove any of the above, nor does the opposition even so claim – i.e., where, per Rule 407, the courts exclude evidence of subsequent remedial measures (e.g., repairs, installation of safety devices, company rules changes, and employee discharge) when offered as proof of negligence or culpable conduct as to product safety. See Falknor, <u>Extrinsic Policies Affecting Admissibility</u>, 10 Rutgers L.Rev. 574, 590 (1956); 2 Wigmore §283; Annot., 64 A.L.R.2d 1296.  Those are not issues in this litigation.

Further, the opposition fails to note that Rule 407 continues that:

3

> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

See also 2 Wigmore §283; Annot., 64 A.L.R.2d 1296.

Commerce's new law, decisions/practice as to filing questionnaire responses (a) impeach Commerce's claims/assumptions (e.g., as to what to expect from experienced counsel and what experienced counsel would know/do) as to reaching its decision on TKT (including further support that Commerce's actions as to TKT were not supported by the requisite substantial evidence of record and otherwise unreasonable) and (b) show that Commerce had feasible alternatives under its governing statute to achieve its statutory mandate to accurately calculate subsidy margins and thus the approach Commerce took as to TKT that failed the statutory mandate to accurately calculate the subsidy was unlawful, including per cited decisions of this Court in the TKT opening brief. See TKT opening brief with Court changes (ECF No. 41-2) at pages 18-21; TKT opening brief with Court changes plus TKT changes (ECF No. 41-3) at pages 19-22.

More fundamentally, the cited Commerce decisions/practice are not <u>evidence</u>. They are <u>law</u>. See above. So the Federal Rules of <u>Evidence</u>, and Rule 407 thereof in particular, do not apply.

The United States does not otherwise claim any prejudice from acceptance of TKT's opening brief with Court and TKT corrections (ECF No. 41-3). Globe

(at its page 5) only claims prejudice to the extent that any response brief is due June 5, 2023. But Globe does not explain why this is prejudice since (a) the TKT corrected brief (ECF No. 41-3) makes the same arguments (much less no significant departure therefrom) as the original brief (neither Globe nor the United States support or really even claim otherwise), (b) Globe did not below before the Trade Court object to TKT arguments made here (see TKT April 17, 2023 filing, ECF No. 38 at page 4)[2]; and, (c) Globe could request an extension for its response if needed, though so far has not indicated needed.[3]

*Third*, to address the United States' claim (at its page 3) thereon, we used 113 words, under 350, as to the new Commerce decisions. See TKT motion to correct opening brief, ECF 41-5, at pages 11, 24 & 26, discussion of Commerce's new decisions/practice as to answering Commerce questionnaires.

---

[2] In addition, in another case, Globe's counsel supported the same legal arguments that TKT makes here, both before this Court and the lower Trade Court, though in a case less compelling case than here. See, e.g., Globe counsel's legal arguments in its briefs in Trinity Manufacturing Inc. v. United States, March 14, 2022 and May 31, 2022, Fed. Cir. 2022-1329, Doc. Nos. 13 (at pages 13-14) and 22 (pages 4-7, 13-14 and 20-23). That would explain Globe's counsel actions before the Trade Court not itself objecting as to TKT arguments also now made in the TKT opening brief here.

[3] We answered Globe's other May 10, 2023 response claims (ECF No. 42) before. See TKT April 17, 2023 filing (ECF No. 38). Globe does not thereafter address or dispute our response in these regards.

We appreciate the Court's attention to the above.

                                               Very truly yours,

                                               Peter Koenig
                                               Counsel to TKT and Ministry

May 15, 2023

FORM 19. Certificate of Compliance with Type-Volume Limitations        Form 19
                                                                       July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-2204

**Short Case Caption:** Tau-Ken Temir LLP v. United States

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1243__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 05/15/2023        Signature: /s/ Peter Koenig

                        Name: Peter Koenig

Save for Filing