2022-2204

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

TAU-KEN TEMIR LLP, JSC NMC TAU-KEN SAMRUK,
MINISTRY OF TRADE AND INTEGRATION OF THE REPUBLIC
OF KAZAKHSTAN,
*Plaintiffs-Appellants*

v.

UNITED STATES, GLOBE SPECIALTY METALS, INC.,
MISSISSIPPI SILICON LLC,
*Defendants-Appellees*

_____

Appeal from the United States Court of International Trade in No. 1:21-cv-00173-LMG, Senior Judge Leo M. Gordon

_____

**DEFENDANTS-APPELLEES GLOBE SPECIALTY METAL, INC.'S AND MISSISSIPPI SILICON LLC'S RESPONSE IN OPPOSITION TO APPELLANT TKT'S MOTION TO INCREASE THE WORD COUNT OF ITS REPLY BRIEF**

|  |  |
|---|---|
|  | Adam H. Gordon |
|  | Jennifer M. Smith |
|  | **THE BRISTOL GROUP PLLC** |
|  | 1707 L Street, NW, Suite 570 |
|  | Washington, DC 20036 |
|  | 202-991-2700 |
| Dated: October 30, 2023 | *Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC* |

Defendants-Appellees Globe Specialty Metals, Inc. ("Globe") and Mississippi Silicon LLC ("Mississippi Silicon") respectfully submit this response in opposition to Plaintiffs-Appellants Tau-Ken Temir LLP's, JSC NMC Tau-Ken Samruk's ("TKS"), and the Ministry of Trade and Integration of the Republic of Kazakhstan's (collectively, "TKT") "Motion to Increase the Word Count of Its Reply Brief" that was filed on October 20, 2023, ECF No. 71-1.  This response is timely filed within 10 days after service of the motion under Federal Rule of Appellate Procedure 27(a)(3)(A).

TKT requests that the Court increase the word limit for its reply to 14,000 words, or alternatively 10,135 words.  *See* ECF No. 71-1.  TKT's request is not warranted for five reasons.

First, the three Appellants' claim that they have elected not to file three separate reply briefs is illusory and has no merit.  *See id.* at 2.  Federal Circuit Rule 28(i)(2) requires:  "When there are multiple parties represented by the same counsel or counsel from the same firm, a combined brief must be filed on behalf of all the parties represented by that counsel or firm."  The three Appellants are therefore required to file a single reply brief because they are represented by the same

1

counsel and firm. They are not doing the Court any special favor simply by following its rules.

Second, as detailed at pages 17–19 of Globe and Mississippi Silicon's Corrected Response Brief, ECF No. 63, TKS is not a proper party to this appeal because TKS did not submit any arguments before the agency and therefore failed to exhaust administrative remedies. TKS thus has no right to submit a reply brief here.

Third, TKT has not shown any legitimate reason why it needs to expand the word count for its reply brief when the principal briefs were all well <u>below</u> the 14,000-word limit specified in Federal Circuit Rule 32(b)(1). TKT's own principal brief was 10,558 words. *See* ECF No. 55-1 at 56. The Brief of Defendant-Appellee United States was 9,586 words. *See* ECF No. 61 at 52. Globe and Mississippi Silicon's response brief was 10,684 words. *See* ECF No. 63 at 72.

The reply brief should be shorter than the principal brief as a matter of course because there are several sections that are required to be included in the principal briefs but not a reply brief. *See* Fed. R. App. P. 28(a)–(c); Fed. Cir. R. 28(a). Moreover, reply briefs must only "*reply* to arguments made in the response brief—they do not provide the

moving party with a new opportunity to present" new arguments. *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002); *accord Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1320 n.3 (Fed. Cir. 2005) (noting that this Court will not consider arguments raised for the first time in a reply brief).

Fourth, TKT's reliance on the combined length of the Defendants-Appellees' response briefs is improper because the two response briefs largely address the exact same issues.

Finally, and perhaps most importantly, Globe and Mississippi Silicon are extremely concerned that TKT would improperly use the expanded word count to address new authorities (and possibly new arguments). This concern follows TKT's "revision" of its principal brief with <u>1,230 changes</u> — including substantive changes and new citations — <u>months</u> after filing its original principal brief. *See* ECF No. 41. Indeed, TKT has explicitly stated that it intends to reference numerous non-binding *post hoc* decisions by the U.S. Department of Commerce from other proceedings in its reply brief. *See* ECF No. 71-1 at 2. By doing so, TKT would deprive Defendants-Appellees of the opportunity to respond, as Defendants-Appellees are not permitted a sur-reply.

If TKT feels the need to paper the record with such decisions, the Court should require that TKT do so via the proper process set forth in Federal Rule of Appellate Procedure 28(j), which allows for responses.

Respectfully submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Jennifer M. Smith, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street, NW, Suite 570
Washington, DC 20036
202-991-2700

Dated: October 30, 2023　　　*Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

FORM 9. Certificate of Interest                                            Form 9 (p. 1)
                                                                            July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CERTIFICATE OF INTEREST**

**Case Number** 22-2204

**Short Case Caption** Tau-Ken Temir LLP v. US

**Filing Party/Entity** Globe Specialty Metals, Inc. and Mississippi Silicon LLC

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/30/2023          Signature: /s/ Adam H. Gordon

                          Name:      Adam H. Gordon

FORM 9. Certificate of Interest　　　　　　　　　　　　　　　　　　　　　　　　Form 9 (p. 2)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Globe Specialty Metals, Inc. | | Globe is a wholly owned subsidiary of Ferroglobe PLC, which is a publicly traded company (NASDAQ:GSM). |
| Mississippi Silicon LLC | | Rima Industrial S.A. is the parent company of Mississippi Silicon. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

FORM 9. Certificate of Interest                                          Form 9 (p. 3)
                                                                           July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# **CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This response contains 644 words.

This response complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This opposition has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.

Dated:  October 30, 2023

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2023, a copy of the foregoing response was served on the following parties by operation of the Court's electronic-filing system:

Bret Vallacher
Trial Attorney
**U.S. Department of Justice**
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Email: bret.r.vallacher@usdoj.gov

Peter John Koenig
Counsel
**Squire Patton Boggs LLP**
2550 M Street NW
Washington DC 20037
Email: peter.koenig@squirepb.com

> */s/ Adam H. Gordon*
> Adam H. Gordon
> **THE BRISTOL GROUP PLLC**
> *Counsel to Defendants-Appellees Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

Dated: October 30, 2023